IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | 8:04CR79 |
| v. | ) ) ) | |
| DAVID T. MARK, | ) ) | ORDER |
| Defendant. | ) ) ) | |

This matter came on for hearing on the 7th day of February, 2008. During the hearing the court took under advisement the wording for any additional conditions of supervision necessary for the defendant's continued release. The court received a proposal from the probation officer to which both attorneys responded. The defendant objected in part to the broad language of the second paragraph proposed by the probation officer. The court agrees with the defendant. The proposed language included access to public as well as private computers available to the defendant. The parties agreed during the hearing that the probation officer should have the ability to inspect any computer in the defendant's home. Accordingly,

IT IS THEREFOR ORDERED that the defendant's conditions of supervised release shall be amended to add the following conditions:

> The defendant shall submit his or her person, residence, office, or vehicle to a search conducted by a United States Probation Officer at any time; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

> The defendant shall submit /consent to monitoring of all electronic media available to the defendant in his home, as requested by the U.S. Probation Office. Such home electronic media shall include any devices the defendant has access to, uses for work purposes or any device that he has ownership of to include any device owned or in partnership with Intrinsic Algorithms.

DATED this 14th day of February, 2008.

BY THE COURT:

**s/ Joseph F. Bataillon**
United States District Judge